UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jane Doe,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Berry Global, Inc., et al.,<br><br>　　　　　　Defendant(s). | 2:25-cv-00449-CDS-MDC<br><br>**ORDER DENYING STIPULATION** |

Pending before the Court are parties' *Stipulation for Protective Order Regarding Use of Pseudonym* ("Stipulation") (ECF No. 22). For the reasons stated below, the Stipulation is **DENIED WITHOUT PREJUDICE.**

The plaintiff's conclusion that pseudonymous filing is required to protect plaintiff from harassment and injury is unsupported and does not satisfy the burden to proceed as such. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal citations omitted). "This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Id.* (internal citations omitted).

However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted). The Ninth Circuit has allowed "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067-68 (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's

identity." *Id.* at 1068. In balancing these factors, courts have permitted plaintiffs to use pseudonyms in three situations:

> (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.

*Advanced Textile Corp.*, 214 F.3d at 1068.

If a party seeks to proceeds anonymously based on retaliatory harm, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (citing *Advanced Textile Corp.*, 214 F.3d at 1068) (internal citations omitted). However, if a party does not allege a risk of retaliatory harm, courts engage in a condensed analysis and weigh "(1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest." *Doe v. United Airlines, Inc.*, 2018 U.S. Dist. LEXIS 141573, at *2-3 (D. Nev. Aug. 21, 2018) (internal citations omitted).

//
//
//
//
//
//
//
//
//
//

The stipulation does not show how or why pseudonymous filing is required to protect plaintiff from harassment and injury, nor does it provide a discussion balancing the public's interest. The parties may have leave to file an amended stipulation which provides sufficient showing and discussion supporting the plaintiff's request to use pseudonyms.

ACCORDINGLY,

**IT IS ORDERED that** *Stipulation for Protective Order Regarding Use of Pseudonym* (ECF No. 22) is **DENIED without prejudice.**

DATED this 23rd day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge