Rachel Mariner, NV Bar No. 16728
Jason Kuller, NV Bar No. 12244
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
rachel@rafiilaw.com
jason@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANE DOE,

Plaintiff,

v.

BERRY GLOBAL, INC., and BERRY PLASTICS OPCO, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:25-cv-00449-CDS-MDC

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR PROTECTIVE ORDER REGARDING USE OF PSEUDONYM**

Plaintiff JANE DOE ("Plaintiff"), by and through her attorneys of record, the law firm of RAFII & ASSOCIATES, P.C., hereby moves the Court for reconsideration of the Order denying without Prejudice the *Stipulation for Protective Order Regarding Use of Pseudonym* ("Order").

Defendants have been made aware of this motion and will not oppose it. Defendants, however, do not admit to any of the alleged factual statements made in this motion and deny all claims Plaintiff has made in this lawsuit.

The Order gives leave to file an amended stipulation "which provides sufficient showing and discussion supporting plaintiff's request to use pseudonyms". *Id.* at 3. Because that discussion requires facts regarding Plaintiff and her abuser not in possession of Defendants, Plaintiff herein submits that discussion in this Motion for Reconsideration and re-submits the stipulated Order as Exhibit A. Further facts are provided in the Declaration of Rachel Mariner, attached as Exhibit B to this Motion.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

## I.
## FACTUAL BACKGROUND

On February 10, 2025, Plaintiff Jane Doe filed her Complaint claiming (i) Sexual Harassment; (ii) Retaliation; (iii) Constructive Discharge;(iv) Negligent Infliction of Emotional Distress; (v) Intentional Infliction of Emotional Distress; (vi) Negligent Hiring and Training; (vii) Grossly Negligent Supervision; (viii) Hostile Work Environment; (ix) Assault and Battery and (x) Workplace Defamation Per Se. She alleges that an individual named Wallace Ryan sexually harassed her at her workplace, assaulted her and began to threaten to physically harm her in March 2023, to the point where she required a friend to pick her up from work. Comp. ¶¶ 35- 40. She alleges how stalked her and created a fake sexually explicit Craigslist advertisement with her phone number to encourage men to contact her for sex. Compl. ¶ 58. He showed up at her house uninvited and strangled her until she lost consciousness. Compl. ¶ 63. Mr. Ryan pled guilty to Domestic Batter Strangulation and Disorderly Conduct charges based on that incident. Compl. ¶ 63. Ms. Doe obtained a TPO against Mr. Ryan on May 11, 2023 which she believes has now expired. Compl. ¶ 64; Mariner Decl. in Support of Plaintiff's Motion for Reconsideration, appended hereto as Exhibit B, at ¶3. Ryan violated the TPO and the stalking continued; Ms. Doe requested police presence for her shift changes. Compl. ¶¶ 69-73. Ryan's activities have caused Ms. Doe intense anxiety which has manifested in her body in panic attacks, ulcers, depression, all of which have become chronic conditions. Compl. ¶117; Mariner Decl. Ms. Doe left Nevada to escape Mr. Ryan because of his physical attacks. Mariner Decl. ¶¶ 11-14. Mr. Ryan threatened to come and find Ms. Doe if she took action against him such as this lawsuit. Mr. Ryan bragged about the means he had to do so. Mr. Ryan does not currently know where she lives, but has threatened to find her and kill her. Mariner Decl. ¶¶ 5-6. Ms. Doe assisted the authorities in Las Vegas in January 2023 when Mr. Ryan was convicted of Driving Under the Influence resulting in Death and Reckless Driving. Compl. ¶26.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Mr. Ryan threatened to kill her for this. Mariner Decl. ¶ 6. Ms. Doe believes that this lawsuit will engender similar rage. Mariner Dec. ¶8. Considering Mr. Ryan's track record, her belief is reasonable. She already experienced panic attacks resulting in trips to the hospital around recounting her experiences for purposes of drafting the Complaint. Mariner Decl. ¶¶ 11-12. She believes her health will be severely negatively impacted if she has to see Mr. Ryan or interact with him. Mariner Decl. ¶ 13.

Plaintiff is aware that the fact of this lawsuit will be made known to Mr. Ryan when he is deposed in this matter. Mariner Decl. ¶14. Plaintiff requests that she be permitted to proceed anonymously until then and that she not be in attendance in Court if Mr. Ryan testifies at the trial (if this matter does not settle beforehand). Mariner Decl. ¶15. The Ex. A Stipulated Protective Order only requests definitive use of the pseudonym until trial. *See* Ex. A p. 4 at IID

\\

\\

\\

## II.
## ARGUMENT

As this Court recognized in the Order, "[a] party may preserve her or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity" Order (ECF 24) at 1-2 citing *Does I thru XXIII Advanced Textile Corp.,* 214 F. 3d 1058, 1067 (9th Cir. 2000).

Ms. Doe asks the Court to preserve her anonymity based on retaliatory harm. Mr. Ryan has threatened to kill her, has assaulted her multiple times and was enraged when she assisted in his criminal prosecution. She has received a TPO against him. The threatened harm is severe and her fear is reasonable. Further, Ms. Doe is vulnerable to such retaliation. *See Doe v Kamehameha,* 596 F.3d

1036, 1043 (9th Cir. 2010) ("Plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable."). Ms. Doe has been attacked by Mr. Wallace before, he had pled guilty to domestic batter of Ms. Doe and therefore Ms. Doe's fear that she would be attacked again is therefore reasonable. He has threatened to kill her.

Here, because the opposing party is aware of Ms. Doe's identity, the Defendants are not prejudiced. *See Doe v. United Airlines, Inc.,* 2018 U.S. Dist. LEXIS 14573 at *2 ("the Court finds that Defendants will not be prejudiced if Plaintiff proceeds under a pseudonym, as Defendant United is already aware of her identity"). Further, "[t]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes" *United* at *2 (citations omitted).

Thus, Ms. Doe's need for anonymity outweighs prejudice to the opposing party or to the public.

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court adopt the Exhibit A Protective Order.

DATED: July 8, 2025

**RAFII & ASSOCIATES, P.C.**

*/s/ Rachel Mariner*
Rachel Mariner
*Attorneys for Plaintiff*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, I caused service of a true and correct copy of the foregoing ***MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR PROTECTIVE ORDER REGARDING USE OF PSEUDONYM*** be made by the CM/ECF E-File and Serve System, Email and/or via U.S. Mail or Facsimile upon all parties registered to use this service, and listed as service recipients herein, in accordance with Fed.R.Civ.P. 5 and LR 5-1:

Megan R. U'Sellis *(pro hac vice)*
FISHER & PHILLIPS LLP
220 W. Main Street, Suite 1700
Louisville, KY 40202
musellis@fisherphillips.com
*Attorneys for Defendants*

Elizabeth A. Hanson
FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
ehanson@fisherphillips.com
*Attorneys for Defendants*

*/s/ Marcus Johnson*
An employee of RAFII & ASSOCIATES, P.C.

# EXHIBIT A

EXHIBIT A

Rachel Mariner, NV Bar No. 16728
Jason Kuller, NV Bar No. 12244
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
rachel@rafiilaw.com
jason@rafiilaw.com
*Attorneys for Plaintiffs*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANE DOE,

Plaintiff,

v.

BERRY GLOBAL, INC., and BERRY PLASTICS OPCO, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:25-cv-00449-CDS-MDC

**STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF PSEUDONYM, CONFIDENTIALITY OF INFORMATION AND DOCUMENTS**

**PREAMBLE**

1. Plaintiff JANE DOE ("Plaintiff") and Defendant BERRY GLOBAL, INC., and BERRY PLASTICS OPCO, INC. ("Defendants"), (collectively referred to as "Parties"), by and through their respective attorneys of record, hereby request the Court enter the following Stipulated Protective Order Governing the Confidentiality of Information and Documents ("Stipulated Protective Order"). This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

2. The Ninth Circuit has permitted pseudonymous filings when "nondisclosure of the party's identity "is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (stating that courts "must balance the need for anonymity

against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party.") (citations omitted).

3. Plaintiff asserts that in this matter, pseudonymous filing is required to protect Plaintiff from harassment and injury. Defendants take no position on the need for pseudonymous filing but have agreed to the terms of this Stipulated Protective Order. Defendants, however, reserve the right to object to Plaintiff's pseudonymous filing in the future should they determine that Plaintiff's use of such filing is unfair or prejudicial to Defendants.

4. The Parties expect to request confidential, non-public information and documents from each other, including, but not limited to, police reports, medical reports, medical records, information that may contain the names of Jane Doe, Defendants' employees, and third parties including addresses, and financial information, non-public business records, personnel files, and other information and documents Both Parties consider this information and these documents to be private and confidential.

5. The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

6. Discovery in this case will require the production of documents, inspection of tangible things, the answering of Interrogatories and Requests to Admit, and the taking of oral and/or written depositions, during which the aforementioned medical, confidential and/or private information and documents of the Parties will be exchanged and disclosed. To expedite the flow of discovery, facilitate the prompt resolution of disputes over

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

confidentiality, and to adequately protect material entitled to be kept confidential, the Parties agree to limit the disclosure and use of proprietary, confidential, and private information and documents as stipulated, pursuant to this Stipulated Protective Order on the following definitions:

**I. <u>DEFINITIONS</u>**

The following definitions shall apply to this Protective Order:

A. This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

B. "Producing Party" shall mean any person or entity producing documents, information, or other materials in this Action, including any Party to this Action or any third parties.

C. "Party" shall mean the Plaintiff and Defendants in this Action, and any other person that may become a named Party to this Action.

D. "Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure as a public record or to non-parties, counsel, and expert witnesses. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential. The Parties agree that until trial of this action, the name of the Plaintiff shall be Confidential Information.

E. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential".

F. When reference is made in this Stipulated Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

**II. <u>DESIGNATION OF INFORMATION, DOCUMENTS AND PSEUDONYM</u>**

A. When any document, deposition testimony, or things produced under this Protective Order are designated as Confidential Information, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation.

B. Some documents being produced by both Plaintiff and Defendant may contain the names and address of Plaintiff. Without need of any designation, this information will be deemed to be Confidential. In the event a document is produced without the redaction of this Confidential information, any Party seeking to use the document will make every effort to redact that information before its use in a court proceeding or court filing. In the event, Defendants later object to Plaintiff's pseudonymous filing, the Parties agree that Defendants shall file a motion to set aside the Stipulated Protective Order and Plaintiff will oppose. If the Court grants the Motion, Plaintiff's name and address will no longer constitute Confidential information to the extent decided in the Order.

C. The initial failure to designate information or documents as Confidential in accordance with this Stipulated Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate. The Producing Party will reproduce any such documents with the Confidential Designation and will advise the non-producing party to destroy previously produced documents if they were inadvertently not marked confidential so as not to require an unnecessary burden on the non-producing party.

D. The Parties agree to use of the pseudonym "Jane Doe" for Plaintiff in court proceedings and filings through the date of trial. The Parties agree to revisit the use of the pseudonym in the event this matter proceeds to trial. Moreover, in the event that Defendants file Motion to Set Aside the Stipulated Protective Order, and after Plaintiff opposing the Motion, if the Court grants the Motion, the Parties will no longer use the pseudonym "Jane Doe," and Plaintiff's actual name will be used in all court proceedings and filings, to the extent permitted in the Order.

## III. LIMITATIONS

A. This Stipulated Protective Order shall govern only the documents, information, pseudonym, and materials generated or produced in response to any method of discovery conducted

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

by any Party to this Action and used in the prosecution and defense of this Action.

B. Persons obtaining access to Confidential information under this Stipulated Protective Order shall use the information only for the prosecution of or defense of this Action, including motion practice as permitted by the Court. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative, or judicial proceedings.

C. Besides the limitations above regarding Plaintiff's name and address, nothing contained in this Stipulated Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient, provided, however, that nothing in this Stipulated Protective Order shall authorize any use of documents in this Action falling under the description in II.B *supra* without confidential designation and redaction.

D. Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential information or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential information.

## IV. PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court and/or to: (a) the Parties in the Action, including their agents, officers, directors, staff, support personnel and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in the Action; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Action or their counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

the Court in the Action; (f) people who have previously received or created the document; (g) witnesses in the Action who need to review this material in connection with their testimony in the Action; and (h) any other person that the Designating Party agrees to in writing with the other Party. Confidential information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Stipulated Protective Order and agrees to be bound by the terms of this Stipulated Protective Order in the form attached hereto as **Exhibit A**. In the event an authorized person does not execute **Exhibit A** expressly agreeing to be bound by this Stipulated Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

## V. DECLASSIFICATION

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential shall be treated as such under this Stipulated Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A. At any time, the receiving Party of any document or information designated as Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally. In the event that such attempts are not successful, the receiving Party may file a motion seeking to remove the designation as Confidential and the Court shall make an independent determination as to whether or not any given document or information is Confidential and/or properly redacted based upon facts then existing and, in so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be deemed Confidential unless and until the Court rules otherwise. The Party or entity making the designation must show that there is good cause for the document or information to have such protection.

B. In the event that any Party files a motion to uphold a designation or redaction of information, the document or information shall be submitted to the Court for *in camera* inspection.

## VI. DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

A. In the case where Confidential information or documents are used or revealed during

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, deemed to be Confidential, may be made by a statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this Stipulated Protective Order.

B. A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Stipulated Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

**VII. <u>DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS</u>**

In the event that any Confidential document or information, or information derived therefrom, is included with or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court including, without limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal subject to the provisions of LR IA 10-5. Alternatively, the parties may meet and confer in advance of the motion to discuss whether and to what extent the Confidential document or information may be used, e.g., by redacting information not relevant to the motion or argument, so as to avoid the burden of filing the motion under seal. The parties agree to cooperate in good faith to reach a reasonable compromise with respect to the use of Confidential documents and/or information in law and motion practice.

**VIII. <u>DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION</u>**

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action. The designating Party shall initiate a meet and confer conference in advance of any hearing or trial that will provide the Parties a reasonable amount of time to meet and confer in advance

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

of a hearing and/or trial as to how the pseudonym, information or documents will be used including, by way of example, requesting that the Court designate that portion of the transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties' at their request. If the Parties cannot agree about how the information or documents will be used during a hearing, before or at the time of the hearing, the Party designating such Confidential status may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If such a motion is made regarding evidence to be introduced at the time of trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

## IX. SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall give written notice thereof in no less than five (5) calendar days after receipt of the subpoena or other request to any Party which has designated such information Confidential. Nothing herein shall be construed as requiring anyone covered by this Stipulated Protective Order to challenge or appeal any order requiring production of Confidential information, to subject itself to any penalties for noncompliance with any legal process or order, or to seek relief from this Court. Nothing herein shall be construed as not permitting the designating Party from attempting to obtain or obtaining an Order necessary to prevent disclosure.

## X. CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

**XI. COPIES OF DESIGNATED INFORMATION**

The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential information. Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal. All copies of any Confidential information or documents shall be treated as provided in this Stipulated Protective Order.

**XII. NO WAIVER**

A. No Confidential information or documents shall lose such status under this Stipulated Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.

B. Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order. The use of Confidential information and documents as evidence at trial shall be subject to this Stipulated Protective Order unless otherwise agreed to by the Parties or modified by the Court.

C. The Parties do not agree that the Stipulated Protective Order will apply at trial. Plaintiff reserves the right to bring a Motion in Limine regarding Confidential information in advance of trial.

D. The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

E. The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited, or protected from disclosure as privileged or work product, and no Party shall be held to have waived

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

any rights by reason of such inadvertent production.

**XIII. NON-TERMINATION**

The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Stipulated Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon the final disposition of the Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential. Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential information or documents in any subsequent lawsuit.

**XIV. INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS**

A. The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, or the protection of this Order provided that – consistent with the provisions of Fed.. R. Civ. P. 26(b)(5) – the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production.

B. Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

C. The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may present the information under seal to the Court for a determination.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

IT IS SO STIPULATED.

DATED this 4th day of June, 2025.
RAFII & ASSOCIATES, P.C.

/s/ Rachel Mariner
RACHEL MARINER
Nevada Bar No. 16728
JASON KULLER
Nevada Bar No. 12244
1120 N. Town Center Dr., Suite 130
Las Vegas, NV 89144

*Attorney for Plaintiff*

DATED this 4th day of June, 2025.
FISHER & PHILLIPS LLP

/s/ Elizabeth A. Hanson
ELIZABETH A. HANSON
Nevada Bar No. 16249
MEGAN R. U'SELLIS *(Pro Hac Vice)*
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101

*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

_______________________________
The Honorable Christina D. Silva

DATED:___________________________

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**EXHIBIT A**

**UNDERSTANDING AND AGREEMENT REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in *Jane Doe v. Berry Global Inc., et al.* Case No. 2:25-cv-00449-CDS-MDC, which case is currently pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

__________________________________
Signature

__________________________________
Printed Name

__________________________________
Dated

# EXHIBIT B

EXHIBIT B

Rachel Mariner, NV Bar No. 16728
Jason Kuller, NV Bar No. 12244
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
rachel@rafiilaw.com
jason@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br>v.<br><br>BERRY GLOBAL, INC., and BERRY PLASTICS OPCO, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00449-CDS-MDC<br><br>**DECLARATION OF RACHEL MARINER IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR PROTECTIVE ORDER REGARDING USE OF PSEUDONYM** |

I Rachel Mariner declare as follows:

1. I am counsel for Ms. Doe, the Plaintiff in this matter. This information contained in this declaration is based on my personal knowledge, unless otherwise indicated. If called upon to do so, I could and would competently testify to the following:

2. Counsel for the Defendants Berry Global Inc and Berry Plastics Opco, Inc. are aware of the identity of Ms. Doe.

3. Ms. Doe had a TPO against a witness in this matter and her abuser, Wallace Ryan obtained in May 2023. She believes that has expired.

4. Ms. Doe left Nevada to escape Mr. Ryan because of his physical attacks.

5. Mr. Ryan threatened to come and find Ms. Doe if she took action against him such as this lawsuit. Mr. Ryan bragged about the means he had to do so.

6. Mr. Ryan does not currently know where she lives, but he has threatened to find her and kill her.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

7. Ms. Doe assisted the authorities in Las Vegas in January 2023 when Mr. Ryan was convicted of Driving Under the Influence resulting in Death and Reckless Driving and Mr. Ryan was consumed with anger and threatened to kill her for this.

8. Ms. Doe believes that this lawsuit will similarly anger Mr. Ryan and that he is free to find her and kill her.

9. Ms. Doe was informed by a mutual acquaintance that Mr. Ryan was out of prison on work release as of February 2025.

10. Ms. Doe understands that Mr. Ryan received some monies and has the means to come looking for her.

11. While we were speaking and corresponding about the complaint, the stress of reliving the episodes of abuse put Ms. Doe in the emergency room with tachycardia at least two times.

12. Ms. Doe informed me that at one of the visits she had been diagnosed with SVT – supra ventricular Tachycardia in February 2025 and that the condition was exacerbated by stress.

13. Ms. Doe believes her health will be severely negatively impacted if she has to see Mr. Ryan or interact with him.

14. Ms. Doe is aware that the fact of this lawsuit will be made known to Mr. Ryan when he is deposed in this matter.

15. Plaintiff requests that she be permitted to proceed anonymously until then and that she not be in attendance in Court if Mr. Ryan testifies at the trial (if this matter does not settle beforehand).

16. I declare under penalty of perjury under the laws of the State of Nevada and the United States that the foregoing is true and correct.

Executed on July 8, 2025 in Washington, DC

/s/ Rachel Mariner

Rachel Mariner