Rachel Mariner, NV Bar No. 16728
Robert Montes, Jr., CA Bar No. 159137 (*pro hac vice*)
Ciara Alagao, NV Bar No. 16789
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Phone: 725.245.6056
Fax: 725.220.1802
rachel@rafiilaw.com
robert@rafiilaw.com
ciara@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BERRY GLOBAL, INC., and BERRY PLASTICS OPCO, INC., and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:25-cv-00449-CDS-MDC<br><br>**STIPULATION TO EXTEND THE CLOSE OF DISCOVERY, DISPOSITIVE MOTIONS DEADLINE, AND JOINT PRE-TRIAL ORDER**<br><br>**(FOURTH REQUEST)** |

Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys of record, Rachel Mariner, Esq. and Roberto Montes, Jr., of Rafii & Associates, P.C., and Defendants Berry Global, Inc., and Berry Plastics OPCO, Inc. (collectively "Defendants"), by and through their attorneys of record, Elizabeth A. Hanson, Esq. and Megan R. U'Sellis, Esq. of Fisher & Phillips, LLP, hereby stipulate to extend certain deadlines (as addressed below) in the Stipulated Discovery Plan and Scheduling Order (ECF 17) (the "Order"). This is the fourth stipulation to extend these deadlines.

**A. <u>Discovery Completed to Date.</u>**

To date, the parties have exchanged initial disclosures of documents and witnesses pursuant to FRCP 26(a)(1). On July 22, 2025, the parties filed a corrected stipulation to extend time, which also extended the deadline for completion of discovery to October 29, 2025, and the deadline for the

1

**STIPULATION TO EXTEND THE CLOSE OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE**

1  filing of dispositive motions to November 28, 2025 (ECF No. 32). The Court granted this extension
2  in its order on July 28, 2025 (ECF No. 36).

3  On July 31, 2025, the Court conducted the Parties' Early Neutral Evaluation ("ENE"). At the
4  ENE, the Court determined that additional discovery was necessary before further settlement
5  discussions could be productive. Accordingly, the ENE was continued to October 10, 2025 (ECF 38).

6  Since the ENE, the Parties engaged in discovery including exchanging written discovery.
7  The parties have completed six depositions to date.

8  The Parties agreed that the designation for experts should be done upon the completion of
9  the ENE that was to be held on October 10, 2025. The Court on its own motion vacated the ENE,
10 and therefore, the Parties requested that the designation occur following what was anticipated to be
11 the completion of the now vacated ENE. Plaintiff disclosed her expert witness on October 16, 2025,
12 and is in the process of getting an expert report.

13 The parties continue to engage in discovery. The parties had two meet and confer meetings
14 on October 24, 2025 and October 29, 2025. Both meet and confers occurred to discuss and resolve
15 discovery disputes, and as a result, the parties agreed to stipulate to a modification of the scheduling
16 order, as outlined below.

17 **B. <u>Discovery Which Still Needs to Occur.</u>**

18 Plaintiff is still in the process of obtaining a complete and chronological record of text
19 messages between herself and Wallace Ryan in the requested format. This includes showing
20 sender/recipient, dates, and times of all messages. Defendants have failed to produce and are in the
21 process of acquiring Plaintiff's missing time-clock punches. Plaintiff also needs to provide the expert
22 report within 30 days. Upon receipt of the same, Defendant may identify a rebuttal witness and
23 provide a rebuttal report. Accordingly, the parties are requesting an extension to address asserted
24 deficiencies and supplement the discovery/disclosures that have already occurred (per the parties'
25 meet and confer meetings) and not to conduct additional discovery.

26 / / /
27 / / /
28

2

**STIPULATION TO EXTEND THE CLOSE OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE**

### C. Reasons Why Discovery Was Not Completed Within Current Schedule.

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Edizone, LC v. Cloud Nine, LLC*, 505 F.Supp.2d 1226, 1231 (D. Utah 2007). *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). In addition, the parties recognize the obligation to demonstrate excusable neglect as to why the request to modify the existing discovery deadline was not made 21 days in advance of that deadline.

The parties have been actively engaged in discovery and communicative about discovery disputes in their meet and confer meetings. Due to the complexities of metadata, counsel for the parties had to meet and confer to discuss Defendants' expectations regarding the format for production of requested text messages, and other relevant information to help Plaintiff fulfill the request. Plaintiff requires more time to obtain a complete and chronological record of the aforementioned text messages in the format requested by Defendants as the use of a third-party vendor is required.

In regards to the expert witness, Plaintiff disclosed the expert witness previously, but is still in the process of obtaining the expert report to provide to Defendants. Parties have agreed that the expert report can and will be provided within 30 days which is **November 26, 2025**.

In light of the foregoing, the parties believe good cause exists to extend the close of discovery and the deadline for dispositive motions. The Parties further believe they have demonstrated excusable neglect for the delay in requesting this modification due to their diligent efforts to resolve their discovery disputes without Court intervention. The disputes were resolved by the parties through engaging in the meet and confer process. The parties are working in good faith to complete discovery and move this case forward in a reasonable time, and there will be no prejudice to either party in extending the existing deadlines.

/ / /

/ / /

3

**STIPULATION TO EXTEND THE CLOSE OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE**

D. **Proposed Schedule for Completing Remaining Discovery.**

The parties propose the following schedule for completing remaining discovery:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| Close of Discovery | October 29, 2025 | **December 1, 2025** |
| Dispositive Motions | November 28, 2025 | **December 29, 2025** |
| Joint Pre-Trial Order | December 29, 2025 | **January 28, 2026** |

(*) November 28, 2025 being the Family Day holiday followed by a weekend.

This stipulation and order is sought in good faith and not for the purpose of delay.

Dated this 29th day of October, 2025.

| RAFII & ASSOCIATES, P.C. | FISHER & PHILLIPS LLP |
|---|---|
| */s/ Robert Montes* | */s/ Elizabeth Hanson (with permission)* |
| Rachel Mariner, NV Bar No. 16728 | Elizabeth A. Hanson, NV Bar No. 16249 |
| Roberto Montes, Jr., CA Bar No. 159137 | Megan R. U'Sellis (Pro Hac Vice) |
| Ciara Alagao, NV Bar No. 16789 | 300 S. Fourth Street, Suite 1500 |
| 1120 N. Town Center Drive, Ste. 130 | Las Vegas, Nevada 89101 |
| Las Vegas, Nevada 89144 | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiff* | BERRY GLOBAL, INC. AND BERRY |
| JANE DOE | PLASTICS OPCO, INC. |

**ORDER**

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2025

---

4

**STIPULATION TO EXTEND THE CLOSE OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE**